# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE KOKLICH,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>    Defendants. | 1:11cv01403 DLB PC<br><br>ORDER REQUIRING DEFENDANTS TO PROVIDE ADDITIONAL BRIEFING RELATED PLAINTIFF'S MOTION TO REMAND ACTION |

## I.  Background

Plaintiff Bruce Koklich ("Plaintiff") filed this civil rights action in Fresno County Superior Court on August 25, 2010. The Complaint alleges causes of action under both 42 U.S.C. § 1983 and state law. Plaintiff names over 30 Defendants.

*State Court Proceedings*[1]

On November 2, 2010, Defendant J. Chudy, M.D., was the first defendant served with the Complaint. Defendant James Yates was served on November 16, 2010.

On January 24, 2011, Defendants Chudy and Yates filed a Demurrer. On February 25, 2011, the Demurrer was withdrawn and Defendants filed an Answer. On March 22, 2011,

---

[1] The facts of the State Court proceedings are taken from the docket of Fresno County Superior Court Case 10CECG02988. The Court may take judicial "notice of proceedings in other courts, both within and without the federal system, if those proceedings have a direct relation to matters at issue." Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citation omitted).

1  Defendants filed a Motion for Judgment on the Pleadings.

2      Defendant Kalisher was served on March 28, 2011.

3      Defendant Chudy[2] filed a Demurrer on April 8, 2011.  The parties were also involved in

4  discovery disputes in April 2011.

5      On May 4, 2011, the Honorable Donald Black issued a tentative ruling (1) granting the

6  Motion for Judgment on the Pleadings as to the entire Complaint, with leave to amend, against

7  Defendant Chudy; and (2) denying the Motion as to the Seventh and Eighth Causes of Action

8  against Defendant Yates.  This tentative ruling was adopted by the Court on June 17, 2011.

9  There is no indication on the docket that Plaintiff filed an Amended Complaint against Defendant

10 Chudy.

11     Defendant Felix Igbinosa, M.D., was served on July 14, 2011.

12     Defendant Yates and Kalisher filed an Answer on July 15, 2011.

13     On July 18, 2011, Defendant California Department of Corrections and Rehabilitation

14 ("CDCR") was served.

15     Defendant P. Mendoza was served on July 20, 2011.

16     Defendants A. Walker, J. Babcock and J. Ward were served on July 28, 2011.

17     On August 17, 2011, Defendant CDCR filed a Demurrer.  The Demurrer was set to be

18 heard on September 28, 2011.

19     On August 19, 2011, a notation on the docket indicates that Defendant Chudy filed a

20 Notice of Removal.

21     On August 22, 2011, Defendant Igbinosa filed an Answer.

22     Defendant Yates filed a Notice of Removal on September 7, 2011.

23     On September 8, 2011, the Court removed the Demurrer from calendar based on the

24 Notices of Removal.

25     Defendants Chudy, Yates, Kalisher, Igbinosa, Mendoza and CDCR were represented by

26

---

27     [2] The State Court docket does not list all moving Defendants and it is therefore possible that other
28 Defendants joined in this demurrer. In fact, Defendant Kalisher was also likely a moving party since he filed a reply on May 16, 2011.

Williams and Associates throughout the State Court action. Williams and Associates continues to represent these Defendants before this Court.

*Proceedings Before This Court*

Defendant Mendoza filed a Notice of Removal on August 18, 2011, based on this Court's original jurisdiction. According to the Notice and the Declaration of Matthew Ross Wilson ("Wilson Dec."), Defendants Yates, Chudy, Kalisher, Igbinosa and CDCR consent to removal. Wilson Dec., ¶ 4.

Mr. Wilson also states that on August 16, 2011, he contacted Martin Dodd, counsel for Defendant J. Clark Kelso, to determine the status of service on Defendant Kelso. Mr. Wilson was informed that Defendant Kelso had been served and that he consented to removal. Wilson Dec., ¶ 5. After inquiring with CDCR and reviewing the State Court document, Mr. Wilson determined that no other Defendants had been served. Wilson Dec., ¶¶ 6, 7.

On August 25, 2011, Defendants Babcock, Ward and Walker filed a joinder in Notice of Removal. Defendant Lt. McCoy joined in the Notice of Removal on September 7, 2011. Defendants Babcock, Ward, Walker and McCoy are also represented by Williams and Associates.

Also on September 7, 2011, Defendant Kelso filed a Notice of Related Case. The Notice indicated that Defendant Kelso was served with the State Court complaint on August 8, 2011. He was not served, however, with the August 18, 2011, notice of removal and therefore removed the action himself on September 6, 2011. This action was given case number 1:11cv1507 SMS PC.

On September 15, 2011, Plaintiff filed a Motion to Remand the Action. Defendants Yates, Kalisher, Igbinosa, Mendoza, CDCR, Babcock, Ward, Walker and McCoy filed an Opposition on September 23, 2011. Plaintiff filed his Reply on October 11, 2011.[3]

On October 17, 2011, the Court dismissed 1:11cv1507 SMS PC as duplicative and ordered Defendant Kelso to file a Notice of Joinder in this action. Defendant Kelso filed his

---

[3] Also pending before the Court are Defendants' August 25, 2011, Motion to Screen the Complaint and September 23, 2011, Motion for Writ of Certiorari to the Superior Court.

Notice of Joinder on October 18, 2011.

**II.     Discussion**

Plaintiff does not dispute that his Complaint asserts causes of action pursuant to 42 U.S.C. § 1983. Rather Plaintiff points to alleged procedural defects in the removal process. Specifically, he argues that (1) the Notice of Removal is deficient because all documents served on all Defendants were not attached; (2) all served Defendants did not consent to removal and/or remove timely; and (3) Defendants waived their right to remove the action.

This action has an unusual procedural history. Instead of removing when the first Defendants were served in November 2010, Defendants chose to litigate, to some extent, in State Court. The State Court even issued a ruling on certain Defendants' Motion for Judgment on the Pleadings. With this background, and in the interests of conserving judicial resources, the Court finds that additional briefing is necessary to assist in determining the remand issue.

The Complaint in this action names over 30 Defendants and is 95 pages in length, with an additional 231 pages of exhibits. It covers a multitude of events and allegations. It is therefore possible that Plaintiff's Complaint may improperly assert unrelated claims against unrelated parties. Fed. R. Civ. P. 18(a). Examining this issue will allow the Court to properly weigh the remand issue.

**ORDER**

Therefore, Defendants are ORDERED to provide supplemental briefing on whether Plaintiff's Complaint complies with Federal Rule of Civil Procedure 18(a) within thirty (30) days of the date of service of this Order. Though a reply is not necessary, Plaintiff may file a reply within thirty (30) days of being served with the supplemental briefing.

IT IS SO ORDERED.

Dated:   **November 10, 2011**                    /s/ **Dennis L. Beck**
                                                        UNITED STATES MAGISTRATE JUDGE