1

2

3

4 # UNITED STATES DISTRICT COURT

5 ### EASTERN DISTRICT OF CALIFORNIA

6

7 BRUCE KOKLICH,                                   CASE NO. 1:11-cv-01403-DLB PC

                        Plaintiff,               ORDER DISREGARDING DEFENDANTS'
8                                                MOTION FOR WRIT OF CERTIORARI TO
        v.                                       FRESNO COUNTY SUPERIOR COURT
9                                                (DOC. 26)

10 CALIFORNIA DEPARTMENT OF
   CORRECTIONS, et al.,                          ORDER DISREGARDING PLAINTIFF'S
11                                               MOTION FOR JUDICIAL NOTICE (DOC.
                        Defendants.              23)
12
                                                 ORDER DENYING PLAINTIFF'S MOTION
13                                               FOR REMAND (DOC. 22)

14                                               ORDER GRANTING DEFENDANTS'
                                                 MOTION FOR SCREENING PURSUANT TO
15 _____ /            28 U.S.C. § 1915A (DOC. 15)

16 I.   **Background**

17      Plaintiff Bruce Koklich ("Plaintiff") is a prisoner in the custody of the California

18 Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this

19 civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants

20 CDCR, James A. Yates, P. Mendoza, McCoy, J. Ward, A. Walker, J. Babcock, Igbinosa, G.

21 Kalisher, and J. Clark Kelso. Defendant P. Mendoza removed this action from Fresno County

22 Superior Court on August 18, 2011. Notice of Removal, Doc. 1.[1] Other Defendants

23 subsequently joined this action. On August 25, 2011, Defendants Mendoza, Babcock, Walker,

24 Ward, CDCR, Igbinosa, Kalisher, and Yates filed a motion requesting that the Court screen

25 Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. Doc. 15.

26 _____

27      [1] By previous order, the Court took judicial notice of the filings in Fresno County
   Superior Court, Case 10CECG02988, which were the state court proceedings in this action prior
28 to removal. Nov. 10, 2011 Order, Doc. 34.

On September 15, 2011, Plaintiff filed a motion to remand the action to Fresno County Superior Court.  Doc. 22.  Plaintiff also filed a motion for judicial notice on September 15, 2011.  Doc. 23.  On September 23, 2011, Defendants, with the exception of Defendant J. Clark Kelso, filed an opposition.  Doc. 25.  Defendants also filed a motion that the Court issue a writ of certiorari to the Fresno County Superior Court in order to obtain the case record in this action.  Doc. 26.  On October 11, 2011, Plaintiff filed his reply to Defendants' opposition.  On October 18, 2011, the Court ordered Defendants to file supplemental briefing relating to Plaintiff's motion.  On December 6, 2011, Defendant J. Clark Kelso filed a response.  Doc. 35.  On December 9, 2011, the other Defendants filed their response.  Doc. 36.  Plaintiff filed a reply to both on January 3, 2012.  Doc. 37.

The Court has considered all the relevant filings, and the matter is submitted pursuant to Local Rule 230(l).  The Court will first address Plaintiff's motion to remand.

**II.**      **Plaintiff's Motion To Remand**

Plaintiff requests that the Court remand the case to Fresno County Superior Court.  Pl.'s Mot. 1-2, Doc. 22.  Plaintiff contends that Defendant Mendoza's notice of removal was deficient because 1) Defendants' notice failed to include the state court pleadings; 2) the notice of removal does not explain why proper consent was not obtained as to the other Defendants; 3) Defendants made a substantial defensive action in state court, thus demonstrating their intent to remain in state court.  *Id.* at 2-5.

Pursuant to 28 U.S.C. § 1441(a), removal is appropriate for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction. . . ."  Removal statutes are strictly construed. *See Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).  "The burden of establishing federal jurisdiction falls on the party invoking removal." *Harris v. Provident Life and Accident Ins. Co.*, 26 F.3d 930, 932 (9th Cir. 1994) (quoting *Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 771 (9th Cir. 1986)). Removal is proper where a plaintiff's complaint, on its face, asserts claims  created by federal law or where a substantial federal issue of law

2

1  exists. *Merrell Dow Pharm. v. Thompson*, 478 U.S. 804, 808-10 (1986).  This court has original

2  jurisdiction over actions brought pursuant to 42 U.S.C. § 1983.  *See* 28 U.S.C. § 1331.

3      As a general rule, all defendants in the state court action must join in the petition for

4  removal.  *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002).

5  Although there are certain exceptions to this rule of unanimity, "[w]here fewer than all the

6  defendants have joined in a removal action, the removing party has the burden under section

7  1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal."

8  *Prize Frize v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999), *superseded by statute on*

9  *other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir.

10  2006) (class action) (citations omitted); *cf.*, *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193

11  n.1 (9th Cir. 1988) (noting that nominal, unknown, fraudulently joined, or improperly served

12  defendants need not join in a petition for removal).

13      Furthermore, 28 U.S.C. § 1446(b) requires that the notice of removal be filed "within

14  thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial

15  pleading  setting forth the claim for relief upon which such action or proceeding is based . . . ."

16  **A.    Filing Requirements**

17  Pursuant to § 1446(a),[2]

18  A defendant or defendants desiring to remove any civil action from a State court
   shall file in the district court of the United States for the district and division
19  within which such action is pending a notice of removal signed pursuant to Rule
   11 of the Federal Rules of Civil Procedure and containing a short and plain
20  statement of the grounds for removal, together with a copy of all process,
   pleadings, and orders served upon such defendant or defendants in such action.

21

22  28 U.S.C. § 1446(a).  Plaintiff contends that Defendant Mendoza, the removing Defendant, failed

23  to provide a copy of all process, pleadings, and orders served upon Defendant Mendoza in this

24  action when it commenced in state court.  Pl.'s Mem. P. & A. 2-4, Doc. 22.  Plaintiff namely

25  complains that Defendant Mendoza did not submit "copies of the civil case cover sheet, ADR

26  info packet, notice of case management conference and assignment of judge for all purposes, and

27

28      [2]  Section 1446 has since been amended, but the statutory language here remains.

3

similar state court pleadings, that the plaintiff caused to have been served" on Defendant

Mendoza.  *Id.* at 2.  Defendants contend that Defendant Mendoza submitted copies of the

documents served on him, namely the complaint and summons, but inadvertently did not submit

other forms because of the voluminous nature of Plaintiff's complaint.  Defs.' Opp'n 3-4, Doc.

25.

Attached to Defendants' notice of removal is Plaintiff's complaint, consisting of ninety-

five pages of pleadings, over one hundred pages of exhibits, and a copy of the summons.  It is

unclear what other documents were served on Defendant Mendoza in this action.  Nonetheless,

even if Defendant Mendoza failed to provide these other documents, such defect is curable.  *See*,

*e.g.*, *Countryman v. Farmers Ins. Exchange*, 639 F.3d 1270, 1272-73 (10th Cir. 2011) (failure to

attach summons served on one codefendant was "inadvertent, minor procedural defect" that was

cured when defendants supplemented joint notice of removal to include summons shortly after

expiration of 30-day time period); *Riehl v. National Mut. Ins. Co.*, 374 F.2d 739, 741 (7th Cir.

1967) (describing failure to include state court complaint as "minor irregularity of no

consequence" when substantially identical complaint was included in removal petition for

companion case); *Covington v. Indemnity Ins. Co. of N. Am.*, 251 F.2d 930, 932-933 (5th Cir.

1958) (describing failure to attach state court documents as mere "modal and formal" defect that

was not jurisdictional); *see also Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011) (in

context of joinder of defendants, "a procedural defect existing at the time of removal but cured

prior to entry of judgment does not warrant reversal and remand of the matter to state court")

(quoting *Soliman v. Phillip Morris, Inc.*, 311 F.3d 966, 970 (9th Cir. 2002)). [3]

In the opposition to Plaintiff's motion to remand, Defendant Mendoza filed Civil Case

---

[3]  Plaintiff cites to *Kisor v. Collins*, 338 F. Supp. 2d 1279, 1281 (N. D. Ala. 2004), as support for the contention that Defendant Mendoza's oversight in failing to provide these other documents is jurisdictional.  Even if the *Kisor* decision was binding on this Court, which as a district court decision from another circuit, it is not, the case is not applicable.  The defendants in *Kisor* failed to provide a copy of the summons served on the defendant, as well as the return of service.  The *Kisor* court found that such failure to provide the summons was a failure to comply with the "process" requirement of § 1446(a).  Here, a summons and complaint was initially provided with the notice of removal.

1  Cover Sheet, form entitled "Notice of Case Management Conference and Assignment of Judge

2  for All Purposes", Statement of Damages, Fresno County Superior Court Alternative Dispute

3  Resolution (ADR) Information Packet, form entitled "Stipulation Regarding Alternative Dispute

4  Resolution (ADR), from entitled "Case Management Statement", and summons.  Defs.' Opp'n,

5  Req. For Judicial Notice, Exs. A to F, Doc. 25.  Defendant Mendoza has cured the defect in his

6  notice of removal, if any.

7      Plaintiff further contends that Defendant Mendoza's notice of removal fails to include

8  documents served on any of the other Defendants.  However, those other Defendants were not

9  the removing Defendant in this action, and were not required to submit any such documents.

10  Thus, Plaintiff's motion to remand on these grounds is denied.

11      **B.    Proper Removal Period**

12      Plaintiff contends that notice of removal must be filed within thirty days after receipt by

13  the defendant of the initial pleading.  Pl.'s Mem. P. & A. 5-8. Plaintiff contends that Defendant

14  Chudy was the first Defendant served with the complaint on November 2, 2010.  *Id.* at 6.

15  Plaintiff contends that the time period of removal begins to run when Defendant Chudy was first

16  served.  *Id.*  This is known as the first-served defendant rule.  *Brown v. Demco, Inc.*, 792 F.3d

17  478, 481-82 (5th Cir. 1986).  Plaintiff thus contends that all subsequently served Defendants

18  were bound by Defendant Chudy's removal period.  Pl.'s Mem. P. & A. 6.  Under the first-served

19  defendant rule, Defendant Chudy's failure to timely remove this action would thus preclude all

20  subsequently served Defendants from removing this action.

21      Defendants contend that the Ninth Circuit has adopted the last-served defendant rule.

22  Defs.' Opp'n 4-6.  Thus, the time for removal, while it remains thirty days for each Defendant, is

23  separate for each Defendant.  *Id.*  Under the last-served defendant rule, Defendant Mendoza may

24  timely file a notice of removal within thirty days after Defendant Mendoza is served with the

25  complaint.

26      Defendants are correct.  In the courts of this circuit, the last-served defendant rule allows

27  a later-served defendant to file a timely notice of removal, as "each defendant is entitled to thirty

28  days to exercise his removal rights after being served."  *Destfino*, 630 F.3d at 956.  Defendant

Mendoza was served on July 20, 2011, and filed notice of removal on August 18, 2011.  Notice of Removal, Ex. B, Doc. 7.  Defendant Mendoza's removal is timely.

Plaintiff also contends that several of the other Defendants improperly joined Defendant Mendoza's notice of removal.  Under § 1446(a), all defendants in a state action who have been properly served must join in the petition for removal, except for nominal, unknown, or fraudulently joined parties.  *Destfino*, 630 F.3d at 957 (citing *Emrich*, 846 F.2d at 1193 n.1).  Though § 1446(a) does not specify in what way joinder must be expressed by codefendants, in this circuit, the requirement is met if the timely removing defendant avers, pursuant to Rule 11 of the Federal Rules of Civil Procedure, that all defendants consent to removal.  *Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009); *see also Destfino*, 630 F.3d at 957 ("There is no reason to lock an earlier-served defendant out of the federal forum, if he later chooses to consent").  Here, Defendant Mendoza's notice of removal contains a declaration from Defendant's counsel that Defendants Chudy, Yates, Kalisher, Igbinosa, CDCR, and Kelso consented to removal.  Wilson Decl. ¶¶ 4-5, Doc. 8.  That is sufficient to satisfy the joinder requirements.[4]  Plaintiff's motion to remand is denied on these grounds.

## C.   Waiver Of Removal

Plaintiff contends that Defendants have waived their right to remove this action because of numerous demurrers and other filings by Defendants.  Pl.'s Mem. P. & A. 8-11.  Plaintiff contends that Defendants' multiple demurrers, motion for judgment on the pleadings, discovery objections, and bad faith representations to the court constitute substantive defensive action that demonstrates waiver of removal.  *Id.*  Defendants contend that none of the motions and other filings in state court are of the type that would demonstrate a manifest intent to waive removal.  Defs. Opp'n 6-9.

---

[4]  Defendant Mendoza's notice of removal does not include mention of Defendants Babcock, Ward, Walker, and McCoy, as Defendants contend that these four Defendants were not yet served.  Babcock, Ward, Walker, and McCoy's subsequent joinder is also sufficient.  Based on Fresno County Superior Court records, Defendants Babcock, Ward, and Walker were served with summons and complaint on July 28, 2011.  They opted to join in this removed action.  Defendant McCoy appears to have been served after this action was removed to federal court, and thus, his joinder filed on September 7, 2011 also satisfies the joinder requirement.

1   A defendant may waive the right to remove a state court action to federal court by taking

2   action in state court, after it is apparent that the case is removable, that manifest the defendants'

3   intent (1) to have the case adjudicated in state court and (2) to abandon the right to a federal

4   forum. *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994). "A

5   waiver of the right of removal must be clear and unequivocal." *Id.* (quoting *Beighley v. FDIC*,

6   868 F.2d 776, 782 (5th Cir. 1989)).   In general, the right of removal is not lost by action in the

7   state court short of proceeding to an adjudication on the merits. *Id.*

8   Examples of actions that would indicate an intent to waive removal include: filing a

9   permissive cross-complaint, *Schmitt v. Insurance Co. of N. Am.*, 845 f.3d 1546, 1548 (9th Cir.

10  1988), moving to compel arbitration, *McKinnon v. Doctor's Assocs., Inc.*, 769 F. Supp. 216, 220

11  (E. D. Mich. 1991), and arguing and losing an issue in state court in which removal would act as

12  an appeal of an adverse state court decision, *Rosenthal v. Coates*, 148 U.S. 142, 147 (1893).

13  Actions that would not indicate a waiver of removal include: filing a responsive pleading, *Acosta*

14  *v. Direct Merchs. Bank*, 207 F. Supp. 2d 1129, 1131 (S. D. Cal. 2002), filing a motion to dismiss

15  if state court has not yet ruled on the motion, *Cogdell v. Wyeth*, 366 F.3d 1245, 1249 (11th Cir.

16  2004), or opposing a motion for preliminary injunction, *Miami Herald Publ'g Co. v. Ferre*, 606

17  F. Supp. 122, 124 (S. D. Fla. 1984).

18  The objections to Plaintiff's discovery requests are not an unequivocal indication of

19  waiver of removal.  Discovery matters are not typically an adjudication on the merits, and thus do

20  not unequivocally and clearly demonstrate intent to litigate in state court.  *See Foley v. Allied*

21  *Interstate, Inc.*, 312 F. Supp. 2d 1279 1284 (C. D. Cal. 2004) (finding filing of interrogatories

22  and requesting extension of time is not litigation on the merits and not waiver of right to

23  remove).  The demurrer filed by the CDCR is not an unequivocal indication of waiver of

24  removal.  *See Bedell*, 522 F. Supp. at 738.  The demurrer was served on August 15, 2011.  The

25  case was later removed on August 18, 2011, prior to the demurrer being heard in state court.

26  Plaintiff's remaining argument concerns Defendants Yates and Chudy's motion for

27  judgment on the pleadings, filed March 22, 2011.  Judge Black of the Fresno County Superior

28  Court issued a tentative ruling on May 3, 2011, denying Defendant Yates's motion for judgment

1   on the pleadings as to Plaintiff's Eighth Amendment claims for sexual harassment.[5]   *See* Pl.'s

2   Decl., Ex. E, Tentative Ruling, Doc. 20.   Contrary to Defendants' assertion, unlike the mere

3   filing of a motion, a motion on the merits for which a court has issued a ruling would be

4   considered an adjudication on the merits, and indicative of intent to waive removal.   *See*

5   *Resolution Trust Corp.*, 43 F.3d at 1240.   A motion for judgment on the pleadings is a motion on

6   the merits, as granting the motion may result in adjudication of the merits.   *See* Cal. Civ. Proc.

7   Code § 438 (Deering 2012).   However, Defendant Mendoza, the removing Defendant, did not

8   join Defendants Yates and Chudy's motion for judgment on the pleadings.   An initial waiver of

9   removal by first-served defendants does not bind all later-served defendants.[6]   *Fortenbaugh v.*

10   *GeoStar Corp.*, 2008 U.S. Dist. LEXIS 93279, *6 (N. D. Cal. Nov. 10, 2008); *see Bonner v. Fuji*

11   *Photo Film*, 461 F. Supp. 2d 1112, 1118 (N. D. Cal. 2006)) ("It simply does not follow that a

12   first-served defendant has *refused his consent* to removal simply because he has not affirmatively

13   *exercised the right* of removal.") (emphasis in original).   As stated previously, Defendants Yates

14   and Chudy joined Defendant Mendoza's removal according to Defendant's counsel's declaration,

15   which is sufficient to demonstrate proper joinder for removal purposes.   *Proctor*, 584 F.3d at

16   1225.

17        **D.   Partial Remand**

18        Plaintiff contends that if his motion for remand of the entire action is denied, the Court

19   should still permit partial remand of the state law claims in this action.   Under 28 U.S.C. §

20   _____

21        [5]   Defendant Chudy's motion for judgment on the pleadings was granted with leave to
amend.   The tentative ruling was adopted as the final order on June 17, 2011.

22        [6]   The Court notes that all Defendants, with the exception of Defendant Kelso, are
23   represented by the same counsel.   Plaintiff contends that the removal of this action is forum
shopping.   Defendants may not experiment in state court and then seek removal upon receipt of
24   an adverse ruling.   *Moore v. Pemanente Med. Group*, 981 F.2d 443, 447 (9th Cir. 1992).   Here,
however, the state proceedings do not demonstrate such experimentation.   Defendant Mendoza
25   was served on July 20, 2011, and then timely removed this action on August 18, 2011.
26   Defendant Mendoza did not have the opportunity to join in Defendants Yates and Chudy's March
22, 2011 motion for judgment on the pleadings.   Plaintiff's claims against Defendant Mendoza
27   are not the same as the claims against Defendants Yates and Chudy.   Defendant Mendoza's
decision to be represented by the same counsel as Defendant Yates and Chudy does not
28   demonstrate impermissible forum shopping.

1447(c), a district court may not remand a case in its entirety where there is subject matter jurisdiction over some portion of it.  *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1002 (9th Cir. 2001) (citing *Wisconsin Dep't of Corrections v. Schact*, 524 U.S. 381, 391-92 (1998)), *superseded in part on other grounds by statute as stated in Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1021 n. 10 (9th Cir. 2011).  The presence of at least some claims over which the district court has jurisdiction is sufficient to allow removal of an entire case, even if the other claims alleged are beyond the district court's power to decide.  *Id.* at 1002-03 (citing *Kruse v. State of Hawaii*, 68 F.3d 331, 334-35 (9th Cir. 1995)).

It is undisputed that Plaintiff's action involves claims under 42 U.S.C. § 1983 and state law.  As it appears that Plaintiff's state law claims are related to Plaintiff's federal claims, remand would be improper.  28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to clams in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").  Supplemental jurisdiction pursuant to 28 U.S.C. § 1367, though not itself a source of original jurisdiction for removal, permits the removal of non-federal claims.  *Schact*, 524 U.S. at 386-89.

Plaintiff has presented no grounds that merit remand of this action.  Accordingly, Plaintiff's motion to remand, filed September 15, 2011, will be denied.[7]

### III.   **Defendants' Motion For Writ Of Certiorari To State Court**

Defendants Yates, Kalisher, Igbinosa, Mendoza, CCDR, Babcock, Ward, Walker, and McCoy move for the Court to issue a writ of certiorari to Fresno County Superior Court to obtain the case records in this action pursuant to 28 U.S.C. § 1447(b).  The Court finds that such writ is unnecessary at this time.  The Court's docket contains the relevant documents to determine issues

---

[7] Plaintiff's motion for judicial notice, filed September 15, 2011, will be disregarded. Plaintiff moves for judicial notice of 1) the August 17, 2011 notice of removal, 2) documents served on Defendant Chudy in Fresno County Superior Court, and 3) the prison mailbox rule applies to Plaintiff's filings.  Doc. 23.  The Court need not take judicial notice of its own docket. The Court has previously taken judicial notice of the state court proceedings prior to removal. The prison mailbox rule is not at issue.

1    regarding removal.  Defendants' motion will be disregarded.

2    **IV.    Defendants' Motion For Screening Pursuant to 28 U.S.C. § 1915A**

3           Defendants Yates, Kalisher, Igbinosa, Mendoza, CCDR, Babcock, Ward, Walker, and

4    McCoy request that the Court screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915A prior to

5    requiring Defendants to file a responsive pleading.  The Court is required to screen complaints by

6    prisoners seeking relief against a governmental entity or officer or employee of a governmental

7    entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the

8    prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon

9    which relief may be granted, or that seek monetary relief from a defendant who is immune from

10   such relief.  28 U.S.C. § 1915A(b)(1),(2).  The Court will grant Defendants' motion and screen

11   Plaintiff's complaint prior to requiring Defendants to file a responsive pleading.  The complaint

12   will be screened in due course.

13   **V.     Conclusion And Order**

14          Based on the foregoing, it is HEREBY ORDERED that:

15          1.      Defendants' motion for screening pursuant to 28 U.S.C. § 1915A, filed August

16                  25, 2011, is granted;

17          2.      Defendants' motion for writ of certiorari to state court pursuant to 28 U.S.C. §

18                  1447(b), filed September 23, 2011, is disregarded;

19          3.      Plaintiff's motion for judicial notice, filed September 15, 2011, is disregarded;

20                  and

21          4.      Plaintiff's motion to remand action to state court pursuant to 28 U.S.C. § 1447(c),

22                  filed September 15, 2011, is denied.

23        IT IS SO ORDERED.

24   **Dated:    February 27, 2012            /s/ Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE

25

26

27

28